UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTIN CONLEY,

        Plaintiff,

                              CASE NO. 1:14-CV-188

v.

                              HON. ROBERT J. JONKER

HARRIET SQUIRE, *et al.*,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 27) in which the Magistrate Judge recommends granting unopposed motions for summary judgment filed by defendants R.N. Deitrich, R.N. Havens, and R.N. Newhall (docket # 19), defendant R.N. Conkright (docket # 23), and defendants Dr. Squier, Dr. Jeffrey Bomber, Dr. Coleman, P.A. Bien, and P.A. Filsinger (docket # 26). Plaintiff did not respond to any of the defendants' motions for summary judgment before the Report and Recommendation issued. Instead, almost a month after the Report and Recommendation was filed – months after the deadlines to respond to the summary judgment motions had passed, and approximately two weeks after the deadline for filing objections to the Report and Recommendation had passed – Plaintiff filed a document entitled "Plaintiff's Reply to Motion to Dismiss." (docket # 28.) At the end of the document, Plaintiff states, "I declare under penalty of perjury that the foregoing is true and correct

(28 U.S.C. § 1746(2)).  Executed on February 20, 2015."  (docket # 28.)  The Court treats Plaintiff's "Reply to Motion to Dismiss" as Objections to the Report and Recommendation.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

*1.     Plaintiff's Untimely Filing*

To the extent Plaintiff's untimely Objections include verified factual allegations, the Court has discretion to consider or disregard such allegations.  28 U.S.C. § 636(b)(1)(C).  The Court expressly recognizes and exercises its discretion to disregard the factual allegations Plaintiff purports to verify in his Objections.  In permitting the district court to exercise broad discretion when a party belatedly supplements the evidentiary record, the statute implicitly acknowledges the obvious risk that a party might wait for a Magistrate Judge's Report and Recommendation to issue and then attempt to supplement the record in a targeted fashion.  The opportunity to delay filing record evidence to gain such a tactical advantage threatens to undermine the entire summary

judgment process, especially in the context of Reports and Recommendations. It would be easy for a party to sandbag the Report and Recommendation process. Here, Plaintiff offered no explanation for belatedly filing his Objections. None of the facts he asserts in the Objections involve any late discovery. Under these circumstances, the Court in its discretion declines to consider the factual allegations Plaintiff purports to verify in his Objections.

Similarly, any new arguments Plaintiff makes in his untimely Objections may be procedurally barred. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court new arguments or issues that were not presented to the magistrate judge. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27) (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Swain v. Comm'r Social Security*, 379 F.App'x 512, 517-18 (6th Cir. June 7, 2010) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived.") (quotation marks omitted); *The Glidden Company v. Kinsella*, 386 F. App'x 535, 544, n. 2 (6th Cir. 2010) (explaining that while the Sixth Circuit has not "squarely addressed" whether a party may raise new arguments before a district judge that were not presented to a magistrate judge, the Sixth Circuit has indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver) (citing *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)); *Ward v. United States*, 208 F.3d 216, 216 (6th Cir. 2000).

Plaintiff does not raise specific objections to the Report and Recommendation, or challenge in any specific way the analysis of the Report and Recommendation. The failure to lodge specific

objections is sufficient basis, standing alone, for this Court to adopt the Magistrate Judge's Report and Recommendation. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections.").

For these reasons, Plaintiff's Objections fail on procedural grounds.

*2.     Consideration on the Merits*

Plaintiff's claims also fail on the merits. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections to the extent the Objections do not seek to supplement the evidentiary record. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct. The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. The Magistrate Judge properly analyzed Plaintiff's claims. None of the arguments in Plaintiff's Objections persuades the Court otherwise. The Court agrees with the Magistrate Judge's conclusion that there exist no genuine issues as to material facts and that Defendants are entitled to the relief they seek, for the very reasons the Report and Recommendation delineates.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 27) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motions for summary judgment filed by defendants R.N. Deitrich, R.N. Havens, and R. N. Newhall (docket # 19), defendant R.N. Conkright (docket # 23), and defendants Dr. Squier, Dr. Jeffrey Bomber, Dr. Coleman, P.A. Bien, and P.A. Filsinger (docket # 26) are **GRANTED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

This case is **DISMISSED**.


Dated:      March 20, 2015                    /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      UNITED STATES DISTRICT JUDGE